United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GERALD BANAGA, KIMBERLY BANAGA,

Plaintiffs,

v.

TAYLOR BEAN MORTGAGE CO., et. al.,

Defendants.

Case No.: 11-4007 (JSC)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT (Dkt. No. 5)**

In this state-law action Plaintiffs allege Defendants represented that Plaintiffs were eligible for a mortgage loan modification, but then failed to review Plaintiffs' application, resulting in numerous causes of action against Defendants. Now pending before the Court is Defendants' Motion to Dismiss. (Dkt. No. 5.) After carefully considering the papers filed by the parties, and having had the benefit of oral argument on September 29, 2011, Defendants' motion is GRANTED.

**PLAINTIFFS' ALLEGATIONS**

Plaintiffs purchased their home at 2267 Magnolia Bridge Drive, San Ramon, CA 94582 on September 19, 2008 using a $706,716 loan from Taylor Bean Whitaker Mortgage Corp.

("Taylor Bean"), which has since filed for bankruptcy. Freddie Mac was the investor in the transaction. Bayview Loan Servicing was the original lender on the loan, and Cenlar is the current lender and servicer on the loan. Cenlar is a federally chartered savings bank with headquarters in New Jersey.

Plaintiffs' mortgage payments are $2,043.49 each month. Around October 2010, "Cenlar represented that Plaintiffs were pre-qualified for a loan modification under [the federal programs] HAMP [Home Affordable Modification Program] and/or MHA [Making Homes Affordable]." (First Amended Complaint at ¶ 25.) In response, Plaintiffs communicated to Cenlar that they experienced difficulty making their mortgage payments and requested that Cenlar consider Plaintiffs for a loan modification under HAMP and/or MHA. (Id. at ¶ 26.) Plaintiffs then submitted application materials for this modification to Cenlar around November 2010. (Id. at ¶ 27.) Plaintiffs argue that "by accepting Plaintiffs' application for a loan modification and verbally agreeing to review Plaintiffs for a loan modification under HAMP and/or MHA, Cenlar entered into an oral and implied in fact contract with Plaintiffs whereby Defendant agreed it would review Plaintiffs for a loan modification." (Id. at ¶ 28.) Plaintiffs assert that Defendants breached obligations arising from this "contract by failing and/or refusing to review Plaintiffs for a loan modification under HAMP and/or MHA as Defendant represented it would do." (Id. at ¶ 30.) They seek damages because "had Defendant not represented that it would review Plaintiffs for a loan modification under HAMP and/or MHA, Plaintiffs would have sought alternative financing or an alternative to foreclosure such as a short sale or deed in lieu." (Id. at ¶31.)

United States District Court
Northern District of California

**PROCEDURAL HISTORY**

Plaintiffs filed a complaint in Contra Costa Superior Court on July 14, 2011 against Taylor Bean, Cenlar F.S.B., Bayview Loan Servicing Co. and Freddie Mac. Defendants Cenlar F.S.B. and Federal Home Loan Mortgage Corporation ("FHLMC") (erroneously sued as Freddie Mac) removed the case to federal court on August 16, 2011 pursuant to both the Federal Charter granting removal rights to the FHLMC under 12 U.S.C. §1452(f) and diversity jurisdiction under 28 U.S.C. §1441(b). They then filed a Federal Rule of Civil Procedure ("FRCP") 12(b)(6) motion to dismiss Plaintiffs' complaint on the grounds that "plaintiffs have failed to plead essential facts which give rise to their claims and/or the claims are barred." (Dkt. No. 5.) Defendants also moved for a more definite statement of Plaintiffs' claims under FRCP 12(e).[1] (Dkt. No. 5 at 2.) In response, Plaintiffs sought leave to file a First Amended Complaint ("FAC") (Dkt. No. 15), which was granted. (Dkt. No. 33.) The FAC states causes of action against only Cenlar. At oral argument on September 29, 2011, Plaintiffs conceded that Cenlar is the only remaining defendant in the case. At the request of the Court, Defendants subsequently submitted a memorandum addressing the Court's subject matter jurisdiction. Plaintiffs chose not to file a response.

Accordingly, the Court now considers Cenlar's motion to dismiss in light of Plaintiffs' FAC, which brings six state-law claims: (1) anticipatory breach of contract; (2) breach of oral and implied contract/ promissory estoppel; (3) breach of the covenant of good faith and fair

[1] Defendants do not renew their FRCP 12(e) argument in their response to Plaintiffs' First Amended Complaint, and the Court therefore does not address it here.

United States District Court
Northern District of California

dealing; (4) intentional/ negligent misrepresentation; (5) negligence; and (6) violation of California's Business and Professional Code.

## DISCUSSION

### Jurisdiction

As a preliminary matter, and since FHLMC is no longer a defendant, the Court must decide whether it has subject matter jurisdiction. Under 28 U.S.C. §1441(b), federal jurisdiction is proper where Defendants and Plaintiffs are from different states, and the amount in controversy exceeds $75,000. Here, diversity of citizenship is established as Cenlar, the remaining defendant, is a federally chartered savings bank headquartered in New Jersey, and Plaintiffs are citizens of California.

The Court next turns to the amount in controversy. In the FAC, Plaintiffs' prayers for relief include an injunction. Where an action seeks declaratory or injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (per curiam) (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)); see also Chapman v. Deutsche Bank Nat. Trust Co., 651 F.3d 1039, 1045 (9th Cir. 2011) (applying the same standard to determine that the amount in controversy was equal to the assessment value of the "object in litigation," or property); Garfinkle v. Wells Fargo Bank, 483 F.2d 1074, 1076 (9th Cir. 1973) (establishing the amount in controversy as the value of the property in an action to enjoin a foreclosure sale). Since the "object in litigation" is Plaintiffs' mortgage, and the amount of the mortgage is approximately $706,716, the amount in controversy is more than $75,000. Jurisdiction is therefore proper.

United States District Court
Northern District of California

**Motion to Dismiss**

Under FRCP 12(b)(6), a complaint can be dismissed for "failure to state a claim upon which relief can be granted." Such dismissal is proper "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). All "well-pleaded factual allegations" of the complaint must be accepted as true. Id. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949).

**Contractual Causes of Action**

The first three causes of action in Plaintiffs' FAC stem from Plaintiffs' assertion that "by accepting Plaintiffs' application for a loan modification under HAMP and/or MHA, Cenlar entered into an oral and implied in fact contract with Plaintiffs whereby Defendant agreed that it would review Plaintiff for a loan modification under HAMP and/or MHA." (FAC at ¶28.) In the first cause of action, Plaintiffs argue that Defendants "anticipatorily

United States District Court
Northern District of California

breached the parties' contract by failing and/or refusing to review Plaintiffs for a loan modification under HAMP and/or MHA as Defendant represented it would do." (FAC at ¶30.) In the second cause of action, Plaintiffs assert that "Plaintiffs performed their obligations under the agreement, but Defendant breached the parties' contract by failing and/or refusing to review Plaintiffs for a loan modification." (FAC at ¶40.) In the third cause of action, Plaintiffs state that "California law implies a covenant of good faith and fair dealing in all contracts between parties entered into in the State of California" and that Defendants breached this requirement in failing to review Plaintiffs' loan modification application. (FAC at ¶¶45-46.)

Defendants move to dismiss on the ground that there was no contract between the parties regarding the loan modification review process and further that "there is no private right of action under HAMP, nor is it mandatory that a servicer grant a loan modification to a borrower merely because they have requested one." (Dkt. 26 at 4 (relying on Hernandez v. HomEq Servicing, 2010 WL 5059673, at *2 (E.D. Cal. Dec. 6, 2010).)

The first question, then, is whether Defendants' alleged oral representation to Plaintiffs formed a contract between the parties. Under California law, "a contract requires parties capable of consent, the consent of those parties, a lawful object, and sufficient consideration." ASP Properties Group v. Fard, Inc., 133 Cal.App.4th 1257, 1268-69 (2005) (citing Cal. Civ. Code §1550). Under California Civil Code §1605, consideration is "any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the

United States District Court
Northern District of California

promisor." It is insufficient, "however, to confer a benefit or suffer prejudice for there to be consideration . . . [T]he second requirement is that the benefit or prejudice 'must actually be bargained for as the exchange for the promise.' Put another way, the benefit or prejudice must have induced the promisor's promise." Steiner v. Thexton, 48 Cal.4th 411, 421 (Cal. 2010) (quoting Bard v. Kent, 19 Cal.2d 449, 452 (Cal. 1942)).

In addition, for a contract "'to be enforceable, a promise must be definite enough that a court can determine the scope of the duty[,] and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages.'" Bustamante v. Intuit, Inc., 141 Cal.App.4th 199, 209 (2006) (quoting Ladas v. California State Auto. Assn., 19 Cal. App.4th 761, 770 (1993)). "'Where a contract is so uncertain and indefinite that the intention of the parties in material particulars cannot be ascertained, the contract is void and unenforceable.'" Id. (quoting Cal. Lettuce Growers v. Union Sugar Co., 45 Cal.2d 474, 481 (1955); see also Reed v. Wells Fargo Bank, 2011 WL 4802542 at *2, *7 (N.D. Cal. Oct. 11, 2011) (reminding plaintiffs of this standard after dismissing plaintiffs' breach of contract claims in a case where plaintiffs argued the bank entered into "an oral agreement" to "fairly review and . . . approve loan modifications for Plaintiffs' Loan").

Here, the FAC alleges that a binding contract was formed between Plaintiffs and Cenlar when various Cenlar representatives represented via telephone that Cenlar was reviewing Plaintiffs' application for a loan modification. There is nothing in the FAC, however, to support a plausible inference that Plaintiffs provided any consideration for this alleged contract. Plaintiffs do not claim that the application process required Plaintiffs to forego other financing options or even pay an application fee. To accept the premise that the

very act of applying for a privilege to which one is not entitled creates a binding contract between the applicant and the reviewer is unprecedented and would lead to nonsensical results: each would-be barrista not hired after filling out an application at Starbucks and handing it to a Starbucks employee arguably would have the same contractual causes of action that Plaintiffs here allege.

The contract claims fail for a second reason: indefiniteness. In Reed v. Wells Fargo Bank, 2011 WL 4802542 at *7, plaintiffs likewise alleged that the defendant, Wells Fargo, "entered into an oral contract to 'fairly consider' a loan modification" in a manner consistent with "'defined standards Wells Fargo had established through its regulatory overseers.'" Id. Though the Reed plaintiffs attempted to define the manner in which Wells Fargo was obligated to review their loan modification— namely "fairly" and "pursuant to defined standards Wells Fargo had established through its regulatory overseers"—the court nonetheless found the alleged terms of the oral contract too indefinite to enforce. Id. Here, Plaintiffs' allegations that Defendants failed "and/or" refused to review "Plaintiffs for a loan modification under HAMP and/or MHA" are even less definite. (FAC at ¶ 30.) The Court cannot enforce a contract unbounded by specific expectations for performance.

Finally, Plaintiffs' claims are premised on their assertion that Cenlar did not review their application for a loan modification. The FAC, however, does not make any allegations that suggest this factual assertion is plausible. To the contrary, Plaintiff's original complaint alleges that Plaintiffs were "offered a modification and rejected it" (Dkt No. 13 at 2) because they could not afford the modification plan Cenlar offered. (Complaint at ¶ 42.) Further, at

United States District Court
Northern District of California

oral argument counsel was unable to provide the Court with the basis for Plaintiffs' assertion that Cenlar did not, in fact, review the loan modification application.

For all of these reasons, Plaintiffs' contract claims fail to state a claim and must be dismissed.

**Promissory Estoppel**

Plaintiffs' second cause of action combines both breach of contract and promissory estoppel. Having disposed of the breach of contract claim, the Court now turns to promissory estoppel. Under California law, promissory estoppel has the following elements: (1) a promise that is clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by this reliance. Laks v. Coast Fed. Sav. & Loan Assn., 60 Cal. App. 3d 885, 890 (1976); Advanced Choices, Inc. v. State Dept. of Health Services, 182 Cal. App. 4th 1661, 1672 (2010) (stating the same standard). Plaintiffs fail to allege facts to show that a "clear and unambiguous" promise was made, that their reliance was "reasonable and foreseeable," or that they were injured by the purported reliance.

Given that no review process guarantees a positive outcome, relying on the promise of such review arguably requires equal preparation for success and failure. As Defendants note, Plaintiffs were not precluded from seeking other financing alternatives. (Dkt. No. 26 at 5.) Even if the Court were to look past the dearth of facts supporting an inference that Plaintiffs' purported reliance was reasonable or foreseeable, Plaintiffs also fail to state facts that show any injury was caused by their reliance on Defendants' "promise" to review their loan modification application. There is no allegation that Defendants have foreclosed or are even

in the process of foreclosing on Plaintiffs' home, and, according to the allegations of the original complaint, Plaintiffs were in fact offered a loan modification, albeit not one that met with their approval. For these reasons, Defendants' motion to dismiss Plaintiffs' promissory estoppel cause of action is GRANTED.

**Intentional/Negligent Misrepresentation**

Plaintiffs' fourth cause of action is intentional or negligent misrepresentation in that "at the time it made the representations herein, Defendant had no intention of reviewing Plaintiffs for a loan modification . . . and no intention of modifying Plaintiffs' loan . . . and Defendant made the representation with knowledge that the statements were false and/or with reckless disregard for the truth." (FAC at ¶52.) Plaintiffs claim they "reasonably relied on Defendant's representations by providing additional documents in support of Plaintiffs' application for a loan modification as requested by Defendant and by not seeking alternative financing or alternatives to foreclosure such as a short sale or deed in lieu." (Id. at ¶53.) Under Federal Rule of Civil Procedure 9(b), "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In particular, the complaint must include specificity regarding the charged conduct, including the "who, what, when, where, and how." Reed v. Wells Fargo Bank, 2011 WL 4802542 at *3 (N.D. Cal. Oct. 11, 2011) (quoting Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 1997)). When a claim of fraud is made against a corporation, the complaint "must set forth specific names of the persons who made the misrepresentation, their authority to speak for the corporation, to whom they spoke, what they said or wrote, and when it was said or written." Tarmann v. State Farm Mutual Auto Ins. Co., 2 Cal. App. 4th 153 (1991).

United States District Court
Northern District of California

Here, Plaintiffs' FAC does not plead facts with this required specificity. Plaintiffs provide only two names and dates in the FAC: Jackie, a call center representative for Cenlar who told Plaintiffs on December 16, 2010 that Cenlar received Plaintiffs' documents and that "there were no updates," and Natasha, another call center representative who told Plaintiffs on December 30, 2010 that their file had been transferred to another Cenlar representative. (FAC at ¶¶15-18.) Plaintiffs' pleading about the actual misrepresentations they allege do not meet the specificity requirements of FRCP 9(b): "Cenlar represented that Plaintiffs were pre-qualified for a loan modification" and "Cenlar agreed to review Plaintiffs for a loan modification." (FAC at ¶¶12-14.)

Further, as explained above, Plaintiffs fail to plead any facts that suggest that their allegation that Cenlar did not review Plaintiffs' loan application is plausible. See, supra at 8.

Defendants' motion to dismiss Plaintiffs' misrepresentation cause of action is therefore GRANTED.

**Negligence**

Plaintiffs' fifth cause of action claims negligence in that "Defendant breached its duty of care when it failed to review Plaintiffs for a loan modification." (FAC at ¶ 58.) Negligence claims require the following elements: (1) a legal duty of care owed by defendant to the plaintiff; (2) a breach of that duty; (3) causation; and (4) injury to the plaintiff resulting from the breach. Merrill v. Navegar, Inc., 26 Cal.4th 465, 500 (2001). In California, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1095–96 (1991); see also

United States District Court
Northern District of California

Buena Vista, LLC v. New Resource Bank, 2011 WL 250361, at *9 (N.D. Cal. Jan. 26, 2011) (applying this standard). As Plaintiffs have not alleged facts that even suggest that Cenlar exceeded the "conventional role as a mere lender" and given that Plaintiffs have likewise failed to show injury, Defendants' motion to dismiss Plaintiffs' cause of action for negligence is GRANTED.

**California's Business and Professional Code**

In their sixth cause of action, Plaintiffs state Cenlar's actions "were unfair, unlawful, and/or fraudulent pursuant to Business and Professional Code sections 17200." (FAC at ¶64.) California Business and Professional Code §17200 defines unfair competition as an "unlawful, unfair, or fraudulent business act or practice." To make out a claim "based on unlawful conduct, Plaintiff must allege facts sufficient to establish a violation of some law." Finuliar v. BAC Home Loans Servicing, L.P., 2011 WL 4405659 at *11 (N.D. Cal. Sept. 21, 2011). To establish fraudulent conduct, "Plaintiff must allege, with particularity, facts sufficient to establish that the public would likely be deceived by Defendants' conduct," including "specific deceptive statements or omissions" with "alleged facts showing why those specific statements or omissions would be likely to deceive the public." Id. Finally, to assert an unfair business act or practice, Plaintiffs must state "facts showing that Defendants' conduct is unfair." Id. For the reasons explained with respect to the other causes of action, the FAC does not satisfy any of these requirements. Defendants' motion to dismiss this final cause of action is GRANTED.

United States District Court
Northern District of California

**CONCLUSION**

Plaintiffs' FAC does not plead facts sufficient to survive dismissal under FRCP 12(b)(6). As jurisdiction in this Court is still proper over Cenlar, the only remaining Defendant, Defendants' motion to dismiss as applied to Plaintiffs' First Amended Complaint is GRANTED with leave to amend. Plaintiffs shall file an amended complaint, if any, by November 14, 2011, provided that such amendments can be made consistent with FRCP 11. At a minimum, any further amendment must, in addition to satisfying the other deficiencies noted in this order, explain the discrepancy between the original complaint and the amended complaint with respect to the allegation that Cenlar did not review Plaintiffs' loan application. See United States v. McKeon, 738 F.2d 26, 31 (2nd Cir. 1984) (stating that "a party thus cannot advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version, and amend its pleadings to incorporate that version"); Andrews v. Metro N. Commuter R. Co., 882 F.2d 705, 707 (2nd Cir. 1989) (holding that "the amendment of a pleading does not make it any less an admission of the party"); Harrington v. City of Nashua, 610 F.3d 24, 31 (1st Cir. 2010) (noting that "ordinarily, a pleading admitting a fact alleged in an antecedent pleading is treated as a binding judicial admission"). If Plaintiffs do not amend their FAC by November 14, this action will be dismissed with prejudice.

This Order disposes of Docket No. 5.

**IT IS SO ORDERED.**

Dated: October 24, 2011

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE